UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PANDERA SYSTEMS, LLC,

    Plaintiff ,

v.                                                   Case No. 6:21-cv-00829

TRAENA, INC., ET AL.,

    Defendants.
_____

### Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference by telephone on 6/21/2021 and on 6/22/2021. Christopher Langone, Daniel Schufreider and Matthew Prewitt. attended the conference.

2. **Deadlines and Dates**

Plaintiff initiated this action in the United States District Court for the Northern District of Illinois by filing a complaint on July 22, 2020. Defendants responded to Plaintiff's initial complaint on October 26, 2020 by filing two motions to dismiss, one pursuant to Fed. R. Civ. P. 12(b) and the other pursuant to Illinois' "Anti-SLAPP" statute. Before any ruling was ever entered on these motions or any discovery was taken in the Northern District of Illinois, this case was transferred to this Court. Defendants thus expect to file a motion to stay the commencement of discovery in this matter until the Court rules on its motions to dismiss. Plaintiff

objects to any stay of discovery. Subject to the positions articulated in that motion and in any response and without waiving anything therein, the parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for Plaintiff to file second amended complaint. (Plaintiff has advised that it intends to file a second amended complaint that is substantively similar to its current complaint. Pursuant to Fed. R. Civ. P. 15, Defendants consent to the filing of a Second Amended Complaint on or before July 2, 2021.) | 7/2/2021 |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 8/2/2021 |
| Deadline for parties to submit an agreed ESI protocol. | 8/23/2021 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 10/29/2021 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 2/25/2022 |
| Defendant's deadline for disclosing any expert report. | 4/1/2022 |
| Deadline for disclosing any rebuttal expert report. | 4/29/2022 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 5/27/2022 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | n/a |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 7/1/2022 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | 8/26/2022 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 11/1/2022 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule | 11/22/2022 |

| | |
|---|---|
| 3.06(b). (Must be at least seven days before the final pretrial conference.) | |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 12/6/2022 |
| Month and year of the trial term. | 1/1/2023 |

The trial will last approximately 10 days and be

☐ jury.

☒ non-jury.

### 3. Description of the Action

Plaintiff alleges that Defendants conspired with each other and aided and abetted each other, in committing securities fraud, misappropriating trade secrets, and breaching and aiding and abetting breaches of fiduciary duty. Defendants deny the factual bases of these allegations and state that the parties' contracts and other legal deficiencies affirmatively bar Plaintiff's claims.

The case is of moderate complexity.

### 4. Disclosure Statement

☐ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

Defendants have filed their disclosure statement. Plaintiff will be filing its disclosure statement promptly.

### 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

The parties disagree as to whether the Court should hold a preliminary pretrial conference before the Court enters a scheduling order. Defendants believe that such a conference would be beneficial, and Plaintiff disagrees.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects: Plaintiff anticipates discovery on the following topics: The scope and meaning of the contracts that govern the parties' relationships; the nature of the parties' relationships; the creation and development of Traena; Defendants' knowledge of other products and trade secrets of Plaintiff; whether Defendants engaged in securities fraud and/or misappropriated trade secrets; the amount of Plaintiff's damages.

      To the extent discovery is necessary upon the resolution of motions to dismiss, Defendants expect discovery on certain of the above topics and also on prior litigation filed by Pandera and relevant individuals.

      Both parties reserve any objections to the relevance of discovery that may be propounded and are not agreeing that the mention of a topic in this report means the discovery is necessarily relevant.

   C. Discovery should be conducted in phases:

      ☒ No.
      ☐ Yes; describe the suggested phases.

    D.    Are there issues about disclosure, discovery, or preservation of electronically stored information?

        ☐ No.
        ☒ Yes; Plaintiff asserts that there is data taken by Defendants and duplicate servers created by Defendants. Defendants deny that they created duplicate servers or that they are improperly in possession of data. The parties agree to develop an ESI protocol within 21 days after exchange of Rule 26(a) disclosures.

    E.    ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

    F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

        ☒ No.
        ☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*(On following page)*

6

| | |
|---|---|
| */s/ Christopher V. Langone, Esq.*<br>Weissberg and Associates, Ltd.<br>564 W. Randolph St, 2nd Floor<br>Chicago, Illinois 60661<br>T. 312-663-0004<br>Email: chris@weissberglaw.com | */s/ Matthew F. Prewitt*<br>Matthew F. Prewitt<br>Daniel J. Schufreider<br>Both admitted *Pro Hac Vice*<br>Schiff Hardin LLP<br>233 S. Wacker, Suite 7100<br>Chicago, IL 60606<br>312.258.5500<br>mprewitt@schiffhardin.com<br>dschufreider@schiffhardin.com<br><br>and<br><br>Richard Lee Barrett<br>Florida Bar No. 0407161<br>Barrett, Chapman & Ruta, PA<br>18 Wall Street<br>Orlando, FL 32801<br>407.839.6227<br>lee@bcrlaw.net<br><br>*Attorneys for Defendants* |

CH2:24998502.1